UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UNILEVER AEROSOL PRODUCTS MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION           MDL No. 3068


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Plaintiffs in three actions (the Northern District of Illinois *Barnes* and *Sims* actions and the Northern District of Florida *Simmons* action) move under 28 U.S.C. § 1407 to centralize this litigation, which involves allegations that certain Unilever aerosol products (antiperspirants and dry shampoo products) contained inappropriate amounts of benzene, in the Northern District of Illinois.  This litigation currently consists of six actions pending in four districts, as listed on Schedule A.[1]

The parties' positions on the motion vary.  Plaintiffs in the Middle District of Louisiana *Loudenslager* action and the Northern District of Illinois *Earl* potential tag-along action support the motion.  Plaintiffs in the District of Connecticut *Little* and *Barnette* actions oppose centralization and, alternatively, suggest selection of the District of Connecticut as the transferee forum.  Plaintiffs in the *Little* action, which is the first-filed aerosol shampoo action, suggest centralization of only the shampoo actions if the Panel creates an MDL.  Defendant Unilever United States, Inc., opposes centralization and, alternatively, suggests centralization of only shampoo actions in the District of Connecticut.

After considering the argument of counsel, we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation.  These putative nationwide class actions share facts, in a broad sense, regarding the presence of benzene allegedly caused by propellants used in Unilever aerosol products.  Despite the surface similarities among the actions, the aerosol shampoo actions (five cases in four districts) appear to be relatively distinct from the aerosol antiperspirant action (the

---

[*] Certain Panel members who may be members of the putative classes in this litigation have renounced their membership in these classes and participated in this decision.

[1] Plaintiffs' motion to centralize initially included eight actions.  The Southern District of Florida *Schriver* action, which was later transferred to the District of Connecticut, has since been voluntarily dismissed.  The District of New Jersey *Rullo* action also was transferred to the District of Connecticut but is listed as a potential tag-along action because the motion for centralization was filed when *Rullo* was closed in the District of New Jersey but not yet open in the District of Connecticut.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

Northern District of Illinois *Barnes* action). The two types of cases involve different putative classes of purchasers who bought different products, which are regulated in different ways,[2] that were manufactured in different places and recalled at different times. Notably, Unilever asserts that the dry shampoo products do not contain the same propellant as the antiperspirant products. Despite any factual and legal commonality, centralization does not appear needed to further the just and efficient conduct of this litigation.

The parties opposing centralization argue that the antiperspirant cases and the shampoo cases are too factually and procedurally dissimilar to merit centralization in a single MDL. On balance, we agree. The sole antiperspirant case (*Barnes*) was filed in November 2021, and it has progressed through a ruling on a second motion to dismiss. The first aerosol shampoo case was filed almost a year after *Barnes* in September 2022, and no substantive motion practice has occurred to date in any shampoo action. Moreover, the party that would seem to bear the largest burden of informal cooperation – Unilever – is willing to proceed without an MDL.

Further, alternatives to centralization – namely via transfer under the "first-to-file" rule – offer a reasonable prospect to eliminate the multidistrict character of the litigation. *See In re Baby Food Mktg., Sales Pracs. & Prod. Liab. Litig.*, 544 F. Supp. 3d 1375, 1377–78 (J.P.M.L. 2021) (denying centralization and noting that it was "better to allow the parties' attempts to self-organize play out before centralizing any part of this litigation"). Here, the parties' efforts to self-organize have been successful in the sole antiperspirant case, and a similar approach appears to be working in the shampoo cases. The sole antiperspirant case has grown as plaintiffs and counsel from several former actions were added.[3] A similar effort to bring all shampoo cases to the District of Connecticut is underway: already, plaintiffs in three actions have consented to transfer to the District of Connecticut (*Rullo*, *Barnette*, and the now-dismissed *Schriver*). In our view, creating an MDL is not necessary in these circumstances.

To the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the involved courts is a preferable alternative to centralization. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.14 (2004).

---

[2] According to Unilever, antiperspirant products are regulated by the FDA as cosmetics and over-the-counter (OTC) drugs, whereas aerosol shampoo is regulated only as a cosmetic. The antiperspirant products were manufactured pursuant to methods and specifications particular to OTC drugs that would be inapplicable to the dry shampoo products.

[3] *See Leyva v. Unilever United States, Inc.*, No. 4:21-cv-10107 (S.D. Fla.) (filed Nov. 12, 2021) (voluntarily dismissed simultaneously with counsel's appearance for plaintiffs in *Barnes*); *Goytia v. Unilever United States, Inc.*, No. 2:22-cv-00289 (E.D.N.Y.) (filed Jan. 18, 2022) (voluntarily dismissed shortly before counsel's appearance for plaintiffs in *Barnes*); *Morris v. Unilever United States Inc.*, No. 1:22-cv-00338 (filed Jan. 20, 2022) (N.D. Ill.) (consolidated with *Barnes* on March 11, 2022); and *Bogdanovs v. Unilever United States, Inc.*, No. 5:22-cv-652 (C.D. Cal.) (filed Apr. 14, 2022) (transferred to N.D. Illinois on June 14, 2022, based on parties' stipulation, and consolidated with *Barnes*).

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | David C. Norton |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: UNILEVER AEROSOL PRODUCTS MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION     MDL No. 3068

## SCHEDULE A

<u>District of Connecticut</u>

LITTLE, ET AL. v. UNILEVER UNITED STATES, INC., C.A. No. 3:22−01189
BARNETTE v. UNILEVER UNITED STATES, INC., C.A. No. 3:22−01649

<u>Northern District of Florida</u>

SIMMONS, ET AL. v. UNILEVER UNITED STATES, INCORPORATED,
     C.A. No. 3:22−23376

<u>Northern District of Illinois</u>

BARNES, ET AL. v. UNILEVER UNITED STATES, INCORPORATED,
     C.A. No. 1:21−06191
SIMS v. UNILEVER UNITED STATES, INC., C.A. No. 1:22−06140

<u>Middle District of Louisiana</u>

LOUDENSLAGER v. UNILEVER UNITED STATES, INC., C.A. No. 3:22−01020